UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT LLC,

                                      Plaintiff,

-against-

HERCILIA RAMOS,

                                     Defendant.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-04570 (JMA) (ARL)

FILED
CLERK
12:24 pm, Apr 28, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a mortgage encumbering the property at 3 Poplar Street, Central Islip, New York 11722 (the "Subject Property"). (See Compl., ECF No. 1.) Currently before the Court is Plaintiff Empire Community Development LLC's motion for a default judgment against Defendant Hercilia Ramos. (ECF No. 10.) Plaintiff seeks recovery of the outstanding principal and interest due on the mortgage and note, as well as entry of a judgment of foreclosure and sale of the Subject Property. For the following reasons, Plaintiff's motion is GRANTED.

## I.    DISCUSSION

### A.    Defendant Defaulted

Defendant was properly served with a summons and the complaint, but has not answered, filed an appearance, or otherwise defended this action. As a result, the Clerk of Court properly entered a certificate of Defendant's default on September 15, 2022. (ECF No. 9.)

### B.    Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (quoting Campaign v. Barba, 805 N.Y.S.2d 86, 86 (2d Dep't 2005)). "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has demonstrated its prima facie case of entitlement to judgment." Id. (citing Fleet Nat'l Bank v. Olasov, 793 N.Y.S.2d 52, 52 (2d Dep't 2005)).

Here, Plaintiff submitted copies of the mortgage, note, allonges, and chain of assignments, (Compl. Exs. B–D, ECF No. 1-1), which together establish the existence—and Plaintiff's ownership—of the mortgage and note. See E. Sav. Bank, FSB v. Thompson, 631 F. App'x 13, 15 (2d Cir. 2015) ("[A] written assignment of the underlying note . . . prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.") (citation omitted).

Plaintiff submitted evidence of Defendant's default in the form of an affidavit by Oxford Norberg, Assistant Secretary of Fay Serving, LLC, Plaintiff's mortgage servicer, which states that Defendant defaulted on the mortgage and note on July 15, 2016. (Norberg Aff. ¶ 5, ECF No. 10-6.) Additionally, Plaintiff submitted the notices that it was required to send to Defendant under the terms of the mortgage and note, as well as under the New York Real Property Actions and Proceedings Law ("RPAPL"). (Compl. Ex. E, ECF No. 1-1; RPAPL § 1320 Notice, ECF No. 1-2; RPAPL § 1331 Notice of Pendency, ECF No. 10-4.)

This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Defendant's liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property, and a judgment of foreclosure and sale will be entered.

### C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

In addition to the foreclosure and sale of the Subject Property, Plaintiff requests a monetary award comprised of the total principal balance ($76,591.51) and total past due interest ($41,495.84) owed on the mortgage and note. The Court finds that Plaintiff's submissions, including the Norberg Affidavit, establish its requested damages to a reasonable certainty. Accordingly, Plaintiff is awarded a total amount of $118,087.35.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment of foreclosure and sale is GRANTED. Plaintiff is also awarded a total of $118,087.35. The Court will enter a judgment of foreclosure and sale consistent with this Order.

**SO ORDERED.**

Dated: April 28, 2023
Central Islip, New York

/s/   (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

3