UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(For Electronic Publication Only)
-----------------------------------------------------------------------X
EMPIRE COMMUNITY DEVELOPMENT, LLC,

                                    Plaintiff,          **MEMORANDUM & ORDER**
                                                        22-cv-04570 (JMA) (ARL)

              -against-
                                                        **FILED**
                                                        **CLERK**
HERCILIA RAMOS,
                                                        3/14/2025 11:56 am

                                    Defendant.          **U.S. DISTRICT COURT**
-----------------------------------------------------------------------X  **EASTERN DISTRICT OF NEW YORK**
                                                        **LONG ISLAND OFFICE**
**AZRACK, United States District Judge:**

Presently before the Court is a motion submitted by Defendant Hercilia Ramos to vacate Plaintiff's Default Judgment of Foreclosure and Sale entered on April 28, 2023, and to stay eviction proceedings initiated against Defendant. (ECF No. 16 ("Def. Mot.").) Defendant also seeks to compel Plaintiff Empire Community Development, LLC to appear at settlement negotiations. (Id.) Defendant argues that since this action proceeded in federal court, Defendant was improperly deprived of certain substantive protections available under New York Civil Practice Law and Rules § 3408 ("CPLR § 3408"), including the opportunity to negotiate a settlement or raise defenses. (Id. at 1.) Plaintiff argues that Defendant has not met the high burden for relief under Rules 60(b) and 60(d) and that CPLR § 3408 is a procedural statute that is inapplicable in federal court. (ECF No. 25 ("Pl. Mot."5).) For the reasons stated herein, Defendant's motion is DENIED.

# I.    BACKGROUND

This foreclosure action arises from Defendant's default under a loan secured by the property located at 3 Poplar Street, Central Islip, NY 11722 (the "Subject Property"). (Compl., ECF No. 1 ¶ 1.)  On February 12, 2007, Defendant executed a Note and Mortgage in favor of the Coldwell Banker Home Loans, the original lender.  (Id. ¶ 7.)  The Mortgage was subsequently assigned to Plaintiff Empire Community Development, LLC. (Id. ¶ 9.)  Defendant defaulted on her loan obligations on July 15, 2016 by failing to make the required monthly payments, with the default continuing thereafter.  (Id. ¶ 12.)

On August 3, 2022, Plaintiff brought this foreclosure action against Defendant in the United States District Court for the Eastern District of New York, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Compl., ECF No. 1.)  The complaint sought foreclosure of the Subject Property.  (Id. ¶ 1.)  Defendant was served with the Summons and Complaint on August 17, 2022, and her answer was due on September 7, 2022.  (ECF No. 7.)  However, Defendant failed to respond or otherwise appear in this action.[1]

On September 15, 2022, the Clerk entered a Certificate of Default against Defendant. (ECF No. 9.)  Plaintiff subsequently filed a motion for a default judgment of foreclosure and sale on December 8, 2022.  (ECF No. 10.)  This motion was supported by an affidavit of regularity, proof of the amount due, and evidence of compliance with all procedural requirements.  (Id.)  On April 28, 2023, the Court granted Plaintiff's motion and entered a Judgment of Foreclosure and Sale. (ECF Nos. 11-12.)  Following the entry of the judgment, Plaintiff scheduled and conducted the foreclosure sale in compliance with all statutory notice

---

[1] Defendant's affidavit, attached to the motion to vacate the judgment of foreclosure and sale, indicates that after receiving documents regarding the foreclosure in September 2022, she relied on advice from a housing counselor who allegedly misunderstood the procedural distinctions between federal and state courts and advised Defendant that she would receive a notice from the court directing her to appear at a settlement conference.  (Def.'s Aff. ¶¶ 4-5.)

requirements.  (ECF Nos. 13-14.)  The sale took place on June 13, 2023, and Plaintiff was the highest bidder.  (Id.; Def. Mot. at 3.)  A Referee's Deed transferring title to Plaintiff was executed and delivered on October 23, 2023.  (Def. Mot. at 3.)  Plaintiff subsequently commenced eviction proceedings in Suffolk County Fifth District Court to regain possession of the property.  (Id.)

On April 26, 2024—364 days after the entry of the foreclosure judgment—Defendant filed the instant motion to vacate the judgment, stay the eviction proceedings, and compel settlement negotiations pursuant to Federal Rules of Civil Procedure 60(b), 60(d), and 62(b). (Def. Mot. at 18-19.)  Defendant's principal argument is that Defendant is entitled, under CPLR § 3408, to a mandatory settlement conference, in-court homeowner counseling, and pro-se appointment of counsel, and that the judgement of foreclosure and sale should be vacated because these and other consumer protections were not afforded to Defendant in federal court.  (Def. Mot. at 5-6.)  Plaintiff responds by noting that courts in this Circuit have consistently held that Rule 16 of the Federal Rules of Civil Procedure provides a sufficient procedural framework for case management and settlement discussions, rendering CPLR § 3408 inapplicable in federal proceedings.  (Pl. Mot. at 9.)  Plaintiff further argues that Defendant has not met her burden under Rule 60(b), which "allows extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances."  (Id. at 7-8.)

On May 7, 2024, the Court held a hearing with both parties on Defendant's motion, and the Court advised the parties to meet and confer regarding a potential resolution of this matter through a loan modification agreement.  (ECF No. 18.)  Motion practice was suspended to allow for settlement discussions.  (Id.)  A follow-up status conference was scheduled for June 13, 2024, but the parties requested an adjournment of that conference, indicating that they were still working on resolving the matter.  (ECF No. 19.)  On  August 6, 2024, another status conference was held with both parties in which the parties represented that settlement discussions had been

unsuccessful.  (ECF No. 21.)  Plaintiff filed an opposition brief on November 22, 2024, and Defendant filed her reply on November 25, 2024.  (ECF Nos. 25-26.)

## II.    DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments."  Reese v. Bahash, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).  Such a motion "must be made within a reasonable time," Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (citing Fed. R. Civ. P. 60(c)), and cannot be used "as a substitute for appeal," Stevens v. Schneiderman, No. 05-CV-10819, 2011 WL 6780583, at *5 (S.D.N.Y. Dec. 23, 2011) (quoting United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009)).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."  Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund, 490 F. App'x 405, 406 (2d Cir. 2013) (citing Zerman v. Jacobs, 751 F.2d 82, 85 (2d Cir. 1984)).  Each of the first five subsections of Rule 60(b) addresses a particular circumstance under which a party can obtain relief from a final judgment.  See Dugan v. United States, No. 11-CV-3973, 2015 WL 5244341, at *3 (E.D.N.Y. Sept. 8, 2015).  Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'"  Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994)).

In order to qualify for Rule 60(b)(6) relief, defendant must also demonstrate either "extraordinary circumstances, or extreme hardship." DeCurtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004)); see also Stevens, 676 F.3d at 67 (noting that "courts require the party seeking to avail itself of [Rule 60(b)(6)] to demonstrate that 'extraordinary circumstances' warrant relief" (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988))).

Pursuant to Rule 60(d), a court may "entertain an independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). To obtain equitable relief through an independent action under Rule 60(d), a claimant must "(1) show that [it has] no other available or adequate remedy; (2) demonstrate that [its] own fault, neglect, or carelessness did not create the situation for which [it] seek[s] equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." LinkCo, Inc. v. Naoyuki Akikusa, 367 F. App'x 180, 182 (2d Cir. 2010) (citation omitted). The type of fraud necessary to sustain an independent action attacking the finality of a judgment under Rule 60(d) "is narrower in scope than that which is sufficient for relief" under Rule 60(b). Id. While fraud on the court can support Rule 60(d) relief, such fraud must "seriously affect[ ] the integrity of the normal process of adjudication." Id.; accord Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1325 (2d Cir.1995) (observing that such fraud "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases" (internal quotation marks omitted)). This is because Rule 60(d) actions are warranted only when necessary "to prevent a grave miscarriage of justice." LinkCo, Inc., 367 F. App'x at 182 (citing United States v. Beggerly, 524 U.S. 38, 47 (1998)).

**B.**     **Defendant's Motion to Vacate the Judgment of Foreclosure and Sale**

Defendant moves pursuant to Rules 60(b) and 60(d) to vacate the judgment of foreclosure and sale and return the parties to the status quo as it existed at the commencement of this action.  (Def. Mot. at 18.)  Defendant asserts in her motion to vacate the judgment of foreclosure and sale that she is entitled, under New York CPLR § 3408, to a mandatory settlement conference and other related consumer protections offered by this New York State procedural rule. (Def. Mot. at 5-6.)  That statute provides, in pertinent part, that "in any residential foreclosure action involving a home loan . . . in which the defendant is a resident of the property subject to foreclosure, . . .  the court shall hold a mandatory conference within sixty days after the date when proof of service . . .  is filed, . . . or on such adjourned date as has been agreed to by the parties, for the purpose of holding settlement discussions."  N.Y. C.P.L.R. § 3408(a).  Defendant argues that the Rules Enabling Act prohibits federal courts in New York from hearing and deciding residential home-loan foreclosures in diversity cases without affording the "consumer protections" provided by CPLR § 3408.  (Def. Mot. at 1.)  This argument is unavailing.

While Defendant argues that this argument involves a "matter of first impression," courts in this Circuit have routinely held that CPLR § 3408 is not applicable when a federal court is presiding over a foreclosure action under its diversity jurisdiction.  See Freedom Mortg. Corp. v. Ervin, No. 18-CV-1082, 2019 WL 2436298, at *4 (E.D.N.Y. Feb. 12, 2019), report and recommendation adopted, 2019 WL 2511873 (E.D.N.Y. June 18, 2019); Kondaur Capital Corp. v. Cajuste, 849 F. Supp. 2d 363, 370 (E.D.N.Y. 2012) (applying the test articulated in Hanna v. Plumer, 380 U.S. 460 (1965) and holding that, as between Rule 16 of the Federal Rules of Civil Procedure and C.P.L.R. § 3408, "Rule 16 is applicable because it is (1) 'sufficiently broad to control the issue before the court,' and (2) 'neither exceed[s] the congressional mandate embodied in the Rule Enabling Act nor transgresses constitutional bounds.'" (internal citations omitted)); see

also <u>CIT Bank, N.A. v. O'Sullivan</u>, No. 14-CV-5966, 2016 WL 2732185, at *11 (E.D.N.Y. May 10, 2016) ("[C]ourts in this Circuit have held that . . . Rule 16 [of the Federal Rules of Civil Procedure] provides a sufficient alternative mechanism for facilitating settlement, rendering C.P.L.R. § 3408's mandatory settlement conference requirement inapplicable." (quoting <u>E. Sav. Bank, FSB v. Aufiero</u>, No. 14-CV-0256, 2016 WL 1056998, at *9 (E.D.N.Y. Mar. 14, 2016))).

In <u>Kondaur Capital Corp. v. Cajuste</u>, the court determined that Rule 16 is sufficiently broad to cover the issue of holding a conference for the purpose of facilitating settlement.  849 F. Supp. 2d at 370.  The Court noted that the purpose of the CPLR § 3408 conference is to hold "settlement discussions" concerning the relative rights and obligations of the parties under the mortgage loan documents, including, but not limited to "whether the parties can reach a mutually agreeable resolution to help the defendant avoid losing his or her home, and evaluating the potential for a resolution in which payment schedules or amounts may be modified." <u>Id.</u> at 371 (citing CPLR § 3408).  The court further noted that Rule 16 allows federal courts to hold pre-trial conferences for various purposes including, *inter alia,* "facilitating settlement."  <u>Id.</u> (citing Rule 16(a)(5)). Furthermore, Rule 16 allows courts to consider and take appropriate action as to "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule," Rule 16(c)(2)(I), and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." <u>Id.</u> (citing Rule 16(c)(2)(P)).  The purpose of these provisions under Rule 16 is to schedule a conference in court for the purpose of attempting to settle or resolve a dispute.  "It is well established and appropriate for judges to meet with counsel and parties in connection with settlement negotiations[, and] Federal Rule of Civil Procedure 16 encourages judges to take an active role in the settlement of civil suits." <u>Id.</u> (citing <u>Bilello v. Abbott Labs.</u>, 825 F.Supp. 475, 479 (E.D.N.Y.1993)).

Having considered both rules, the court in <u>Kondaur</u> found that both Rule 16 and CPLR § 3408 enable the court to schedule a conference for the purpose of facilitating settlement. 849 F. Supp. 2d at 371. The court then found that the record indicated that the parties had ample opportunity to discuss settlement within the framework of Rule 16 and that it was therefore unlikely that a court-mandated settlement conference pursuant to CPLR § 3408 would have any meaningful impact on settlement discussions between the parties at that point in the litigation. <u>Id.</u> Finally, the court concluded that Rule 16 does not transgress the Rules Enabling Act or the Constitution, as the provisions of Rule 16 simply set forth the purposes of a pre-trial conference and method for scheduling and managing such conferences. <u>Id.</u> Since these are matters properly classified as procedural in nature, the court held that constitutional concerns were satisfied and it was not necessary to determine whether the twin aims of *Erie* would be met under Rule 16. <u>Id.</u>

Several other courts in this Circuit have similarly held that CPLR § 3408 does not apply to foreclosure actions filed in federal court. <u>See</u> <u>Gustavia Home, LLC v. Nunu</u>, No. 16-CV-3989, 2018 WL 4006881, at *4 (E.D.N.Y. June 29, 2018), <u>report and recommendation adopted</u>, 2018 WL 3574869 (E.D.N.Y. July 25, 2018) ("The provisions of CPLR § 3408 apply to New York courts, not to federal courts adjudicating foreclosure actions based on their diversity jurisdiction."); <u>Gustavia Home, LLC v. Rice</u>, No. 16-CV-2353, 2016 WL 6683473, at *5 (holding § 3408 inapplicable in federal court); <u>OneWest Bank, N.A. v. Marchassalla</u>, No. 15-CV-394 (E.D.N.Y. 2016) (same). As these courts have held, the existence of CPLR § 3408 "is not a legal defense to a foreclosure action brought in federal court." <u>Nunu</u>, 2018 WL 3574869, at *6.

Recognizing that the applicable case law holds that CPLR § 3408 is a procedural mechanism inapplicable in federal court, Defendant attempts to argue that the rule was updated in 2017 such that it now affords substantive protections that must be applied in federal court. (<u>See</u> Def. Mot. at  2, 12-13, Appendix B.) Effective December 20, 2016, CPLR § 3408 was

amended to clarify some of the requirements regarding the settlement negotiations to take place at the mandatory settlement conference.[2]  (Def. Mot. at 2-3; N.Y. C.P.L.R. § 3408 (McKinney 2016)). These changes include clarifying the options that may be agreed upon to resolve the dispute, specifying the documents that should be brought to the conference, clarifying what constitutes negotiating in "good faith," and listing potential remedies available if the court finds that a party did not comply with the requirement to negotiate in good faith.  N.Y. C.P.L.R. § 3408 (McKinney 2016).  Specifically, Defendant notes that the updated version of the statute references applicable mortgage serving laws and standards and addresses how to deal with defaulting defendants who appear at the mandatory settlement conference.  (See Def. Mot. at 2-3, 5-7, 8-9.)  Defendant's argument that the updated version of CPLR § 3408 now affords substantive protections that must be applied in federal court is unpersuasive.

Since CPLR § 3408 was amended on December 20, 2016, several courts in this Circuit have ruled that the updated version of CPLR § 3408 is inapplicable in federal court, for the same reasons that its predecessor was inapplicable.  See Cain v. Weiss, No. 21-CV-4067, 2022 WL 1556410, at *3 (E.D.N.Y. May 17, 2022) ("[R]ules that govern state court proceedings are not binding on federal courts."); Ervin, 2019 WL 2436298, at *4 (E.D.N.Y. Feb. 12, 2019), report and recommendation adopted, 2019 WL 2511873 (E.D.N.Y. June 18, 2019) (finding CPLR § 3408 inapplicable when a federal court is presiding over a foreclosure action under diversity jurisdiction); Nunu, 2018 WL 4006881, at *4 (E.D.N.Y. June 29, 2018), report and recommendation adopted, 2018 WL 3574869 (E.D.N.Y. July 25, 2018) (same); Schwartz v. Schwartz, No. CV-16-2743, 2017 WL 4023132, at *5 (E.D.N.Y. Aug. 28, 2017), report and recommendation adopted, 2017 WL 4023129 (E.D.N.Y. Sept. 12, 2017) (same).  The 2016

---

[2] Defendant notes that the relevant updated version of CPLR § 3408 became effective April 20, 2017.  (See Def. Mot. at 2.)  However, all of the relevant amendments listed by Defendant were implemented in the version of the statute that became effective on December 20, 2016.  See N.Y. C.P.L.R. § 3408 (McKinney 2016).

amendments to CPLR § 3408 do not change the fact that it is a procedural statute that is inapplicable in federal court, and Defendant's argument to the contrary is unavailing.

Although a mandatory settlement conference was not conducted at the outset of this case, there have been multiple conferences at which settlement has been explored since Defendant appeared in this action. The Court raised the question of settlement at a conference held on May 7, 2024, advising the parties to meet and confer regarding a potential resolution of this matter through a loan modification agreement. (ECF No. 18.) Motion practice was then suspended while the parties engaged in such settlement discussions. (Id.) The Court then scheduled a further conference for June 13, 2024, but the parties requested an adjournment of that conference, indicating that they were still working on resolving the matter. (ECF No. 19.) On August 6, 2024, another status conference was held with both parties in which the parties represented that settlement discussions had been unsuccessful. (ECF No. 21.) The record indicates parties have had ample opportunity to discuss settlement within the framework of Rule 16. Therefore, it is unlikely a court-mandated settlement conference pursuant to C.P.L.R § 3408 would have any meaningful impact on settlement discussions between the parties at this point in the litigation.

It is clear that N.Y. C.P.L.R. § 3408 does not apply in federal court proceedings, and the failure to afford the defaulting defendant a more formal settlement conference at the outset of the case is not grounds to vacate the judgment of foreclosure and sale. Rule 60(b) "allows extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." Bijoux, 2021 WL 5834286, at *2 (citing Nemaizer, 793 F.2d at 61). Defendant fails to meet the high burden for relief under Rule 60(b).

Defendant primarily invokes Rule 60(b)(1) and Rule 60(b)(6), arguing excusable neglect and extraordinary circumstances, respectively. Neither of these subsections is applicable here. Defendant claims that after receiving documents regarding the foreclosure in September 2022, she

relied on advice from a housing counselor who allegedly misunderstood the procedural distinctions between federal and state courts and advised Defendant that she would receive a notice from the court directing her to appear at a settlement conference.  (Def.'s Aff. ¶ 4-5.)  However, Defendant's reliance on such advice does not constitute excusable neglect, particularly given the clear and timely notice she received about the foreclosure proceedings and her failure to take any steps to protect her interests.  In the Second Circuit, courts have consistently held that misunderstandings of the law or ignorance of procedural rules do not constitute "excusable neglect" under Federal Rule of Civil Procedure 60(b)(1).  See Nemaizer, 793 F.2d at 62; see also United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976); Securities and Exch. Comm'n v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) (holding that a party may not avoid the consequences of the acts or omissions of a freely-selected agent); Hartford Steam Boiler Inspection & Ins. Co. v. Se. Refractories, Inc., 212 F.R.D. 62, 66 (D. Conn. 2003) ("Sheer oversight is not *excusable* neglect." (emphasis in original)).  As such, a party's misunderstanding or lack of knowledge regarding legal procedures does not justify relief from a final judgment.  Here, Defendant's inaction was not the result of external factors beyond her control but of her own lack of diligence, and relief under Rule 60(b)(1) is unmerited.

Rule 60(b)(6) provides that relief may be granted for "any other reason justifying relief from the operation of the judgment."  Despite the broad wording of subsection (6), it is properly invoked only for "extraordinary circumstances" or where the judgment may work an extreme and undue hardship.  See Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012); In re Emergency Beacon Corp., 666 F.2d 754, 759 (2d Cir.1981) (internal citations omitted).  Here, Defendant's principal argument is that the absence of consumer protections available under N.Y. CPLR § 3408 in federal court deprived her of the opportunity to negotiate a settlement or raise defenses.  As discussed supra, Section B, pp. 6-10, CPLR § 3408 is not applicable in federal court, and Defendant has not

demonstrated that the failure to conduct a court-mandated settlement conference under CPLR § 3408 constitutes "extraordinary circumstances" such that Rule 60(b)(6) can be invoked. Therefore, Defendant's motion for relief under Rule 60(b) must be denied.

Furthermore, Defendant's arguments provide no basis for relief under Rule 60(d), which allows courts to entertain an independent action to relieve a party from a judgment," Fed. R. Civ. P. 60(d)(1), or "set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3). To obtain equitable relief through an independent action under Rule 60(d), a claimant must "(1) show that [it has] no other available or adequate remedy; (2) demonstrate that [its] own fault, neglect, or carelessness did not create the situation for which [it] seek[s] equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." LinkCo, Inc., 367 F. App'x at 182. Defendant's argument that the requirements of CPLR § 3408 apply in federal court fails for the reasons set forth supra, Section B, pp. 6-10, and therefore does not warrant the application of Rule 60(d). Defendant's motion for relief under Rule 60(d) must therefore be denied.

## C.    Defendant is Not Entitled to a Stay Under Rule 62

Defendant also seeks a stay of ongoing state court eviction proceedings pursuant to Federal Rule of Civil Procedure 62(b).[3]  (Def. Mot. at 16.)  However, Rule 62(b) applies only to stays of money judgments. See Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F. Supp. 2d 186, 188 (S.D.N.Y. 2007) ("[I]t is well-settled that subsection [(b)] applies exclusively to stays of money judgments...." (emphasis added)). Where the relief provided by an order is injunctive, Rule 62(d) governs. Id. at 189. Rule 62(d) provides, in relevant part, that "[w]hile an appeal is pending from a . . . final judgment that grants . . . an injunction, the court may suspend [or] modify [the]

---

[3] Defendant also appears to seek an order enjoining the Plaintiff from enforcing the judgment of foreclosure. (Def. Mot. at 18.) To the extent this is a separate motion from the motion to stay the eviction proceedings, this motion is denied for the same reasons articulated infra, Section C.

injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). However, Defendant cannot satisfy the criteria required to obtain such relief. To decide a discretionary motion to stay under Rule 62(d), the Court must consider: "(1) whether there is a substantial possibility, although less than a likelihood, of success on appeal; (2) whether there is a risk of irreparable injury to the movant absent a stay; (3) whether there is substantial harm to the non-movant stemming from the grant of a stay; and (4) any public policy interest that may be affected by the stay." Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York, No. 96-CV-8414, 2019 WL 2454094, at *3 (S.D.N.Y. June 12, 2019). Even assuming the Court had the power to stay eviction proceedings before the eviction court, see Moore v. Capital Realty Grp., Inc., No. 21-CV-1099, 2023 WL 4699915, at *4 (W.D.N.Y. July 24, 2023) (explaining that "[c]ourts within the Second Circuit have repeatedly held the [Anti-Injunction Act] bars a federal court from enjoining eviction proceedings in state court," unless one of three exceptions applies), Defendant has failed to offer sufficient argument in support of the Court taking any such action.

First, Defendant cannot demonstrate a substantial possibility of success on the merits. The underlying foreclosure judgment was entered after due process was afforded, including proper service of the Summons and Complaint and the opportunity to respond. Defendant failed to take timely action to protect her rights and does not provide any compelling legal or factual basis to reopen the judgment under Rule 60(b) or (d). As discussed supra Section B, Defendant's argument concerning the applicability of CPLR § 3408 to federal foreclosure actions is unavailing and does not establish a meritorious basis for overturning the judgment.

Furthermore, while Defendant argues she will suffer irreparable harm if the eviction proceedings continue absent a stay, this harm is outweighed by the other relevant factors, including the lack of a substantial possibility of success on appeal, the risk of substantial harm to Plaintiff if a stay is granted, and the public policy interest favoring finality of judgments and the orderly

resolution of foreclosure actions.  Plaintiff has already obtained title to the property following a valid foreclosure sale and has acted to enforce its rights under the judgment, including initiating eviction proceedings.  A stay would unfairly prejudice Plaintiff by delaying its ability to secure possession of the property, increasing legal and administrative costs, and undermining the finality of the foreclosure judgment and sale.  There is a strong public policy favoring the finality of judgments and the orderly resolution of foreclosure actions, which weighs against granting a stay. See Jones v. Flushing Bank, 212 A.D.3d 791, 793 (N.Y. App. Div. 2023) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been raised in the foreclosure action").

For these reasons, Defendant has failed to meet the criteria for a stay, and her request for such relief is denied.

### III.   CONCLUSION

For the above reasons, Defendant's motion to vacate Plaintiff's Default Judgment of Foreclosure and Sale, stay the eviction proceedings, and compel settlement negotiations is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

**SO ORDERED.**

Dated:   March 14, 2025
             Central Islip, New York

_____
/s/ JMA

JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE